# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FLOYD ANTHONY RODGERS,<br><br>Petitioner,<br><br>v.<br><br>SUPERIOR COURT OF SAN DIEGO,<br><br>Respondent. | Case No.:  16cv3130 LAB (BLM)<br><br>**ORDER: (1) CONSTRUING PETITION AS ONE FILED PURSUANT TO 28 U.S.C. § 2254; and (2) DISMISSING PETITION AS SUCCESSIVE PURUSANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

Petitioner, a state prisoner proceed in pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  He has not paid the $5.00 filing fee and has not moved to proceed in forma pauperis.  The Court does not rule on Petitioner's in forma pauperis status because this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

Although Petitioner filed this action pursuant to 28 U.S.C. § 2241, he is a state prisoner attacking the validity of a state court conviction and sentence imposed by the state of California.  Therefore, Petitioner may not proceed under section 2241, but may only proceed with a habeas action in federal court under 28 U.S.C. § 2254.  *White v. Lambert*, 370 F.3d 1002, 1006-07 (9th Cir. 2004) (holding that section 2254 is the proper jurisdictional basis for a habeas petition brought by an individual "in custody pursuant to

a state court judgment"). Section 2254 is properly understood as "in effect implement[ing] the general grant of habeas corpus authority found in § 2241 as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." [citations omitted.] *Id*. at 1006 (quoting *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (emphasis in original). Accordingly, the Court **CONSTRUES** the Petition as one filed pursuant to 28 U.S.C. § 2254.[1]

## PETITION BARRED BY GATEKEEPER PROVISION

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his November 22, 2002 conviction in San Diego Superior Court case No. SCS 163874. On June 6, 2006, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in case No. 06cv1348 L (POR). In that petition, Petitioner challenged his conviction in San Diego Superior Court case No. SCS 163874 as well. On March 8, 2007, this Court granted a motion to dismiss on the grounds that the petition was untimely. (*See* Order filed March 8, 2007 in case No. 06cv1348 L (POR) [Doc. No. 18].) Petitioner did not appeal that determination.

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (holding that dismissal for failure to comply with one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under

---

[1] From the Petition, it appears Petitioner is a mentally disordered offender housed at Atascadero State Hospital, and may be under civil commitment. A petition pursuant to 28 U.S.C. § 2241 would be the appropriate method by which to challenge his civil commitment, but Petitioner challenges his criminal sentence, not his civil commitment, in his Petition.

§ 2244(b)). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. *The Clerk of Court is directed to mail Petitioner a blank Application to File Second or Successive Petition together with a copy of this Order.*

**IT IS SO ORDERED**

Dated: January 11, 2017

*/s/ Larry A. Burns*

Hon. Larry Alan Burns
United States District Judge

16cv3130 LAB (BLM)